UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JERRY THACKER, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No.: 3:08-cv-118 |
| | ) | (VARLAN/SHIRLEY) |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed in the U.S. District Court for the Western District of Tennessee and transferred to this court. The Clerk is **DIRECTED** to serve a copy of the petition and this Memorandum and accompanying Judgment Order on the Attorney General of the State of Tennessee. However, for the reasons stated below, the Attorney General shall not be required to file an answer or other pleading to the petition, the petition will be **DENIED**, and this action will be **DISMISSED**.

Petitioner is challenging the sentence he received on his 1986 conviction in Roane County, Tennessee, for second degree murder. The grounds for his challenge are recent decisions of the Supreme Court, specifically *Cunningham v. California*, 127 S. Ct. 856

(2007), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[1]

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, or if later, as in this case, from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id*. § 2244(d)(1)(C).

*Apprendi* was decided on June 26, 2000; *Blakely* was decided on June 24, 2004; and *Cunningham* was decided on January 22, 2007. Petitioner's cover letter accompanying his habeas corpus petition, which was addressed to the Clerk of U.S. District Court for the Western District, bears a signature date of February 7, 2008. Petitioner's habeas corpus petition was filed more than one year after the decisions in *Apprendi*, *Blakely*, and *Cunningham*, and thus is clearly barred by the statute of limitation.

In any event, neither *Apprendi*, *Blakely*, nor *Cunningham* is applicable retroactively. *See, respectively, Goode v. United States*, 305 F.3d 378, 381 (6th Cir. 2002) (*Apprendi* does not apply retroactively); *Spiridigliozzi v. U.S.*, 117 Fed.Appx. 385, 394 (6th Cir. 2004) (*Blakely* does not apply retroactively); *Davis v. United States*, Civil Action No. 1:07-cv-107,

---

[1]Petitioner also refers to a decision by the Supreme Court known as *Gomez*. Petitioner did not provide the court with the full case names or the citations of the Supreme Court decisions to which he refers, and the court is not cognizant of a relevant Supreme Court decision known as *Gomez*.

2007 WL 2138619 (E.D. Tenn. July 23, 2007) (survey of courts finding that *Cunningham* does not apply retroactively). Accordingly, even if petitioner's habeas petition was not time-barred, he still would not be entitled to relief on the grounds raised.

Because it plainly appears from the face of the petition and the annexed exhibits that petitioner is not entitled to any habeas corpus relief in this court, the petition for the writ of habeas corpus will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. Therefore, this court will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE